UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAULINE M. WHITED,

                                    Plaintiff,

        v.                                                          Case # 19-CV-887-FPG
                                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
_____

## INTRODUCTION

Plaintiff Pauline M. Whited brings this action pursuant to Title XVI of the Social Security Act seeking review of the denial of her application for Supplemental Security Income ("SSI").

Plaintiff protectively applied for SSI on October 10, 2012, alleging disability due to neck injury, lower back injury, shoulder problems, emotional problems, and depression. Tr.[1] 189, 260, 264. The Social Security Administration ("SSA") denied her application. Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"), who found her not disabled. Tr. 21-39. Plaintiff then sought review from the Appeals Council, and, after it denied her request for review, Plaintiff sought review in this Court. This Court remanded her case and on January 25, 2019, Plaintiff attended a second hearing before a new ALJ. Tr. 606-30. On March 7, 2019, the ALJ again found her not disabled. Tr. 575-96. Plaintiff now seeks review in this Court. ECF No 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 15. For the following reasons, Plaintiff's motion is GRANTED,

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I.  District Court Review

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).  The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.  Disability Standard

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light

of the claimant's age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her application date of October 10, 2012. Tr. 580. At step two, the ALJ assessed Plaintiff with severe impairments of fibromyalgia, chronic pain syndrome in the neck, osteoarthritis and degenerative disc disease in the cervical and lumbar spine, right shoulder bursitis, degenerative joint disease of the left knee, generalized anxiety disorder, and depressive disorder. Tr. 580. At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment and determined that Plaintiff retains the RFC to perform light work, except that she can only frequently stoop, climb, squat, kneel, and crawl, and can only frequently reach in all directions with her right (non-dominant) upper extremity. Tr. 581-594. At step four, the ALJ found that Plaintiff has no past relevant work, and at step five, the ALJ found that Plaintiff can adjust to other work that exists in significant numbers in the national economy. Tr. 594-95. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 596.

### II. Analysis

Plaintiff argues that the ALJ erred by omitting several restrictions identified by treating physician, Steven Barnes, D.O., and consultative examiner Nikita Dave, M.D., despite purporting to give both of their opinions "great weight." The Court agrees.

On June 3, 2015, Dr. Barnes opined that Plaintiff should not bend, twist, or lift over 20 pounds.  Tr. 740.  On February 2, 2018, Dr. Barnes opined that Plaintiff could constantly lift up to 10 pounds and frequently lift 11-20 pounds but should never lift more; could sit for only for 2 hours at a time, for 6 hours total; could walk for only 1 hour at a time, for 2 hours total; could stand for only 1 hour at a time, for 2 hours total; could constantly handle, finger, and feel; could frequently reach; could only occasionally push or pull; could constantly balance; could only occasionally climb stairs or ramps, stoop, kneel, crouch, or crawl; could never climb ladders or scaffolds; and could only occasionally come in contact with extreme cold, heat, and vibrations.  Tr. 890-944.

On July 2, 2013, Dr. Dave opined that Plaintiff had mild to moderate limitations in repetitive bending and twisting of the lumbar spine; moderate limitations in repetitive bending and twisting of the cervical spine; and moderate limitations in lifting, carrying, pushing, pulling, and maintaining an awkward position of the head and neck for prolonged periods of time.  Tr. 532.

The ALJ gave "great weight" to both of these opinions and specifically noted that they were consistent with the record evidence.  Tr. 592, 594.  Yet the ALJ did not adopt many of the limitations set forth in these opinions, including the limitations for sitting, standing, walking, bending, twisting, pushing, or pulling.

An ALJ's RFC assessment need not perfectly correspond with a medical opinion in the record, *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order), and an "ALJ is not required to adopt wholesale any specific limitation assessed by any one provider." *Cheri Lee H. v. Comm'r of Soc. Sec.*, No. 5:19-CV-10, 2020 U.S. Dist. LEXIS 3394, at *28-29 (N.D.N.Y. Jan. 9, 2020) (internal quotation marks omitted); *see also Younes v. Colvin*, No. 1:14-170, 2015 U.S.

Dist. LEXIS 43990, at *26 (N.D.N.Y. Mar. 13, 2015) (holding that "[t]here is no absolute bar to crediting only portions of medical source opinions").

However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quoting S.S.R. 96-8p, 1996 SSR LEXIS 5, *20 (S.S.A. July 2, 1996)). Thus, when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 U.S. Dist. LEXIS 112218, at *17 (W.D.N.Y. Aug. 25, 2015); *see also Dioguardi*, 445 F. Supp. 2d at 297 ("The plaintiff here is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits.").

Here, the ALJ gave "great weight" to the opinions of Drs. Barnes and Dave but failed to explain why he did not adopt several of the limitations endorsed in those opinions. This frustrates the Court's ability to "conduct a meaningful review as to whether the RFC is supported by substantial evidence." *Davis v. Saul*, No. 18-CV-6561-MJP, 2020 U.S. Dist. LEXIS 52537, at *12 (W.D.N.Y. Mar. 26, 2020) (remanding where ALJ failed to include limitations endorsed by opinion to which he gave some weight).

To the extent that the Commissioner argues that the missing limitations are incorporated into the ALJ's assessment that Plaintiff could only perform light work, the Court is skeptical, as "[t]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." *Golden v. Saul*, No. 6:18-CV-06803-MJR, 2020 U.S. Dist. LEXIS 104997, at *15 n.6 (W.D.N.Y. June 16, 2020) (citing SSR 83-10, 1983 SSR LEXIS 30, *14-15 (Jan. 1, 1983)). Here, Dr. Barnes restricted Plaintiff to sitting for only for 2 hours at a time, for 6 hours total, walking for 1 hour at

5

a time, for 2 hours total, and standing for 1 hour at a time, for 2 hours total.  Further, even if the Commissioner's argument is accurate, it "is a post hoc rationalization that is not apparent from the face of the ALJ's decision" and thus the Court may not accept it.  *Hall v. Colvin*, 37 F. Supp. 3d 614, 626 (W.D.N.Y. 2014) (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Accordingly, the Court finds that remand is warranted.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 8, is GRANTED, the Commissioner's motion, ECF No. 15, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 22, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court